13-1604-cv
*Martine's Service Center, Inc., et al. v. Town of Wallkill, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand fourteen.

PRESENT:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges,*
> MARGO K. BRODIE,[*]
> > *District Judge.*

_____

MARTINE'S SERVICE CENTER, INC., MICHAEL C. MARTINE,

> *Plaintiffs-Appellants,*

v.                                                                    13-1604-cv

TOWN OF WALLKILL, JOHN WARD, Individually and as Supervisor of the Town of Wallkill, ROBERT HERTMAN, Individually and as Chief of Police of the Town of Wallkill, JAQUES EUGENE, Individually and as Building Inspector of the Town of Wallkill, DON KIMBLE, Individually and as Deputy Building Inspector of the Town of Wallkill, WALTER J. BARRETT, Individually and as Assistant Building Inspector of the Town of Wallkill,

> *Defendants-Appellees.*

_____

[*] Judge Margo K. Brodie, of the United States District Court for the Eastern District of New York, sitting by designation.

1

| FOR APPELLANTS: | Stephen L. Oppenheim, New York, NY (Michael H. Sussman, Sussman & Watkins, Goshen, NY, *on the brief*). |
|---|---|
| FOR APPELLEES: | Brian S. Sokoloff, Carle Place, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Duffy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Martine's Service Center, Inc. ("Martine's"), a tow truck company located in Wallkill, New York (the "Town"), and its owner, Michael C. Martine (collectively "Appellants") appeal from a decision of the district court granting judgment on the pleadings in favor of Defendants-Appellees. Specifically, Appellants challenge the dismissal of their procedural due process and equal protection claims. Appellants also raise, for the first time, a vagueness as applied challenge to Section 225-4 (J) of the Town of Wallkill Code. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's decision on a motion for judgment on the pleadings, accepting all factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). The same standard of review applies to Rule 12(c) and Rule 12(b)(6) motions. *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010). The complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

2

Review of a procedural due process question involves "two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir. 1994) (quoting *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). In this case, neither party challenges the district court's determination that placement on the list is probably a valid property interest. Additionally, neither party challenges the fact that removal from the list amounted to a deprivation of that property interest. The issue here is whether "the deprivation occurred without due process." *Rosa R. v. Connelly,* 889 F.2d 435, 438 (2d Cir. 1989).

"When reviewing alleged procedural due process violations, the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees." *Hellenic Am. Neighborhood Action Comm. v. City of N.Y.*, 101 F.3d 877, 880 (2d Cir. 1996). "Where a deprivation at the hands of a government actor is 'random and unauthorized,' hence rendering it impossible for the government to provide a pre-deprivation hearing, due process requires only a post-deprivation proceeding." *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003). "When the deprivation occurs in the more structured environment of established state procedures, rather than random acts, the availability of postdeprivation procedures will not, ipso facto, satisfy due process." *Hellenic*, 101 F.3d at 880. This Court has further held that "the 'random and unauthorized' exception to the requirement of a pre-deprivation hearing does not apply where the government actor in question is a high-ranking official with 'final authority over significant matters.'" *DiBlasio*, 344 F.3d at 302 (quoting *Burtnieks v. City of N.Y.*, 716 F.2d 982, 988 (2d Cir. 1983)). An action is authorized "where a state 'delegate[s] to [the defendants] the power and authority to effect the very deprivation complained of[,] and also delegate[s] to them the concomitant duty to initiate the procedural safeguards set up by state law to

3

guard against unlawful [deprivation].'" *Id.* at 303 (quoting *Zinermon v. Burch*, 494 U.S. 113, 138 (1990)) (alterations in *DiBlasio*). Additionally, we have noted that allegations in the complaint that "suggest that any violation . . . was [made] pursuant to a statute, code, regulation, or custom, or made by a final decisionmaker" may indicate that Plaintiffs have sufficiently alleged that the deprivation was not random and unauthorized. *See Chase Grp. Alliance LLC v. City of N.Y. Dep't. of Fin.*, 620 F.3d 146, 152 n.3 (2d Cir. 2010) (citation omitted).

As the complaint explicitly alleges that neither Walter J. Barrett, the Assistant Building Inspector of the Town, nor the Building Department has the authority to suspend Martine's from the "Tow List" and because the complaint does not refer to a policy or custom granting such authority to the Building Department or Barrett, Appellants have failed to allege that the deprivation was made by "a high-ranking official with 'final authority over significant matters.'" *DiBlasio*, 344 F.3d at 302 (quoting *Burtnieks*, 716 F.2d at 988). Accordingly, the district court correctly held that the deprivation was based on the "random and unauthorized act" of a state employee in which case post-deprivation procedures suffice to satisfy procedural due process. Moreover, "[a]n Article 78 proceeding is adequate for due process purposes even though the petitioner may not be able to recover the same relief that he could in a § 1983 suit." *Hellenic*, 101 F.3d at 881. The district court, therefore, also correctly concluded that "Article 78 provides an adequate state mechanism by which Plaintiffs may challenge the Town's administration of both Chapter 225 and FOIL." *Martine's Serv. Ctr., Inc. v. Town of Wallkill*, 07Civ.6327(KTD), 2013 WL 1248628, at *5 (S.D.N.Y. Mar. 26, 2013).

Appellants further contend that the complaint sufficiently states an equal protection claim under either a "class-of-one" theory or a "selective enforcement" theory. To state a "class-of-one" equal protection claim "the plaintiff [must] allege[ ] that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001) (quoting *Vill. of Willowbrook v.*

4

*Olech*, 528 U.S. 562, 564 (2000) (*per curiam*) (internal quotation mark omitted). An equal protection claim premised on selective enforcement requires a showing that "(1) . . . compared with others similarly situated, [he] was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure [him]." *Zahra v. Town of Southold*, 48 F.3d 674, 683 (2d Cir. 1995). The complaint, however, fails to allege that Appellants were treated differently than others similarly situated. It merely states conclusory allegations asserting that Appellees violated Martine's equal protection rights. As "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim on which relief can be granted, *Iqbal*, 556 U.S. at 678, the district court correctly dismissed Appellants' equal protection claim.

Finally, Appellants did not challenge the constitutionality of Section 225-4 (J) of the Town of Wallkill Code as applied to them in the court below. "[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994). While "we have discretion to consider waived arguments . . . where necessary to avoid a manifest injustice or where the argument presents a question of law and there is no need for additional fact-finding," *Sniado v. Bank Austria AG*, 378 F.3d 210, 213 (2d Cir. 2004) (citation omitted), these conditions are not satisfied here. Thus, we do not consider Appellants' constitutional attack on Wallkill's Code.

We have considered Plaintiffs-Appellants' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5